## Magula v. Morningstar

*Cyril T. Garvey*, for plaintiff.
*Albert E. Acker*, for defendant.

McKAY, J., July 1, 1960.—This case is before the court upon preliminary objections which ask that the complaint filed by plaintiff be made more specific. The action is in trespass to recover damages for personal injuries growing out of an automobile accident which occurred on June 2, 1959, in the Borough of Greenville.

The averments challenged are two, the first (preliminary objection 2) being that the complaint does not disclose the place where the accident occurred. The third paragraph of the complaint reads as follows:

"(3) On Tuesday June 2, 1959, at or about 3:30 o'clock p.m., as the plaintiff was stopped in a line of traffic on Mercer Avenue in Greenville, Pennsylvania, the defendant drove his car into the rear of the plaintiff's car causing damage to the plaintiff's car and personal injuries to the plaintiff as more fully set forth hereafter."

It is apparent at once upon reading this paragraph that it does not adequately describe the place where

the accident in which plaintiff was injured occurred. Mercer Avenue in Greenville is at least one mile long and one portion of it includes a school zone. Plaintiff should allege with reasonable exactness the place on Mercer Avenue where the automobiles collided and in which direction they were proceeding. If the collision occurred within a school zone at a time when the maximum speed requirement of The Vehicle Code for such zones was applicable, that fact should also appear.

The second objection, set forth in paragraph 5 of defendant's preliminary objections, is that paragraph 5 of the complaint does not adequately describe the injury which plaintiff is alleged to have sustained. The complaint avers "as a result of the collision the plaintiff suffered a severe whiplash injury . . ." Defendant contends that the words "severe whiplash injury" are not a sufficiently definite description of plaintiff's injuries to enable defendant to prepare his defense.

We are well aware that the expression "whiplash injury" has come to be used quite generally in the trial of cases growing out of automobile collisions to indicate a cervical sprain, the peculiar damage often done to the soft tissues of the neck of a passenger of an automobile which is struck from the rear by another car in such a manner as to cause the victim's head to move backward and then forward in quick succession. The term is a nickname based upon the similarity of the body movement caused by that kind of accident to the movement of the tip of a long whip when it is cracked.

Nevertheless, the expression "whiplash injury" actually does not describe the injury at all but merely indicates metaphorically the method by which the injury was incurred. The injury so received need not necessarily be a cervical sprain or even an injury to the neck at all. In fact, it could be an injury to the back or any other part of the body which was damaged

as a result of the "whiplash" movement of the upper part of the body at the time of the accident.

In setting forth in his complaint the nature of the injuries alleged to have been sustained, while a plaintiff is not required to describe the injuries in technical skill, he must use such particularity as will enable defendant to know what the injuries are: Breslin v. Malinowski, 21 Northumb. 71; Goodrich-Amram, §1044-1.5.

In the present case, if the injury which plaintiff sustained was a cervical sprain, he should say so and not merely use a nickname which does no more than describe the manner in which the injury was received.

### Order

Now, July 1, 1960, the second and fifth preliminary objections are sustained.